The opinion of the Court, was delivered by
 

 Hair, Judge.
 

 It appears that the deed in question, was executed by the Defendant to the Plaintiff, that it was not in the possession, or under the control of the Defendant, but in Ihe possession of the Plaintiff’s agent. It was for this reason, that the Defendant procured a
 
 subpoena duces tecum
 
 to be served on the agent, to have the benefit of the deed on the trial of the suit set forth in this case; that when the deed, was brought to Court, and after the trial of that suit, it fell into the hands of the Clerk of the Court, who was cautioned by the Defendant’s counsel not to let it be taken out of the office. It is to regain possession of the deed that this application is made.
 

 It is to be observed that the deed was private property, and the Defendant had no greater right to it after the trial, than he had before: the law interposed so far only, as to give him a right to use it as evidence in the trial of the suit; and the law would not be true to itself, if, after the purpose was answered for which it dispossessed the Plaintiff of the deed, it did not place her in
 
 statu quo,
 
 by re-delivering it to her: neither a right to
 
 *76
 
 the deed, or rights claimed under it, were intended to be disturbed by its production on the trial of that suit. It would therefore appear that the Court did right in directing the deed to be delivered up. But from another view of this case, it appears, that no effective opinion can be given on that point. By the act of 1818, ch. 962,'sec. 4, appeals by either party, are permitted to be brought to this Court from any sentence, judgment or decree, made in the Superior Courts. In this case, Mrs.
 
 Garter
 
 made an application to the Court for the deed: legally speaking,
 
 Solomon Graves
 
 had no interest in that application ; but the Court directed notice to be given to his attorney, not. his attorney I presume in this case, but his attorney in the former suit; this did not make
 
 Graves
 
 a party defendant j it did not constitute in Court such
 
 a cause,
 
 as the act of Assembly contemplates in regulating and au-thorising appeals from the Superior Courts. This is a proceeding,
 
 sui generis.
 

 I think the Defendant had no right to appeal, but that the appeal should be dismissed with costs.
 

 Appear dismissed.